The opinion of the court was delivered by
White, J.
Plaintiff sues for recognition of debt and mprtgage, and for the annulment of a tax-sale made of the elaimed-to-be mortgaged *260 property on the ground that the same was collusive and fraudulent, having been illegally and fraudulently provoked by the heirs of the deceased mortgage debtor, Mrs. Weems, with the purpose and object of destroying his mortgage. He avers that one of the heirs bought at the tax-sale, and that portions of the property have since been transferred to the other heirs, one of whom was the dative executor of the deceased, all of which was in consequence of a fraudulent collusion between the heirs to obtain a tax-sale of the property and thereby acquire it free from mortgage. The defendants are six in number; viz., Eugene Y. Weems — Anne Weems, Widow Pearce — Mary Y. Weems, wife of Crawford — Sarah E. Weems, wife of Wells — B. B. Weems, and Charles C. Weems. Three of them, viz., Eugene Y., B. B. Weems, and Mrs. Pearce, excepted that they could not be sued as unconditional heirs until called upon to decide whether they accepted or renounced the succession. Their exception having been overruled, reserving their rights, they answered that they were not bound by the debts of their ancestor, never having in any manner taken the quality of heir or committed any act from which legal acceptation could be deduced ; that on the contrary they had formally renounced. They averred that the validity of the tax-sale was covered by the presumption of the thing adjudged resulting from a decree homologating the account filed by the executor of their mother’s estate ; and that if liable as heirs, then they set up in the alternative the non-existence of plaintiff’s debt. Sarah E. Wells answered that she had never committed any act of heirship or as an intermeddler or otherwise claimed or exercised any rights as to her mother’s estate, and that she made no claim thereto. Mary Y. Weems, wife of Crawford, and.C. C. Weems answered substantially to the same effect. The matter was tried below on these pleadings, there was judgment in favor of the defendants, and plaintiff appealed. The facts as disclosed by the record are as follows :
Mrs. A. E. C. Weems died in the parish of Bapides, where she was domiciled, some time in the spring of 1874 Her succession was duly opened on May 24th, 1874, and her son, Eugene Y. Weems, appointed and qualified as her dative executor. By the inventory it appears that she was the owner of certain real estate in the parish of her domicile. On the 8th day of November, 1875, at a tax-sale made to enforce the payment of the delinquent taxes for 1872, ’73, and ’74, Mrs. Pearce, one of the defendants, became the purchaser of the real estate described in the inventory, and has since transferred portions of it to the other or some of the other defendants. The executor filed a final account, in which he stated the loss of the property by the tax-sale, and upon its homologation he was discharged, on the 23d of October, 1876, the present suit having been filed December 30, 1876.
*261 1. The first question for logical consideration is, are the defendants liable for the debts of their mother as her unconditional heirs ? and, secondly, was and is the tax-sale null in consequence of the heirship of the parties ? But these twofold inquiries are involved one in the other, because it is urged that the purchase being illegal, the heir and those of her co-heirs to whom she sold became thereby unconditional heirs. We will therefore consider them as one question. We see no reason to declare the sale null for matters connected with it independently of the alleged existence of heirship. There is no proof that the executor illegally allowed the taxes to accumulate, so as to infer a combination between himself and his co-defendants. The evidence makes it clear that a larger part of the taxes were due at the death of Mrs. Weems ; nor is there any proof that the executor had funds on hand belonging to the estate wherewith to pay the taxes and thus prevent the sale. The record likewise fails utterly to show that either the purchaser or any of her co-presumptive heirs were at the time of sale either beneficiary or unconditional heirs. The sole question then is, can a presumptive heir buy at a tax-sale the property of his ancestor ? We answer, yes. In so doing we are not unmindful of the doctrine current in the books and which we have applied, teaching that those whose duty it is to discharge the taxes or who hold a fiduciary relation toward creditors or the property can not take advantage of their own wrong or neglect to acquire at a tax-sale to the prejudice of the owner or creditors. But such is not the case before us. The purchaser was not either unconditionally or beneficiarily liable irrespective of the purchase. She was only a presumptive heir. She had not accepted the succession, or by word or deed made herself unconditionally liable. She was not, as we have said, even a beneficiary heir ; but only a presumptive one, having subsequently renounced. The other defendants are in a like position, all having either formally renounced or disclaimed all heirship in their answers. Were there proof in the record of unconditional heirship, or even of beneficiary acceptance on the part of any of the defendants who have since acquired portions of the property, the principle which we have referred to might be applicable; but resulting as it does from the existence of an obligation to pay the taxes or a duty toward the creditor or property, we can not extend it to the case where neither the duty nor obligation exists. Such being the case, we can not entail unconditional heirship from an act which the heir presumptive had a legal right to do ; at all events, not without proof of the existence of facts connected with the purchase showing the intention to become heir or to defraud the estate.
2. Were we, however, to conclude otherwise as to the intrinsic nullity of the sale, we could not presently give the plaintiff relief. It is clear, as we have seen, that even if a presumptive heir can not lawfully *262 buy at a tax-sale the property of his ancestor, yet such an attempted purchase would not per se make him an unconditional heir. This being true, there is no defendant before us ; the succession is in no way represented. The heirs are not before us ; those cited in that capacity have renounced. True, the persons holding the tax-title which is sought to be annulled are defendants ; but not only the holders of the title but the debtor are necessary parties to a revocatory action. C. C. 1970; 1 L. 503; 10 R. 387; 8 A. 386.
We think the judgment below correct, except in so far as it finally passed on the demand of the plaintiff. We consider the case a proper one for nonsuit, and will therefore amend the judgment in that regard.
It is therefore ordered that the decree of the lower court be so amended as to reject plaintiff’s demand as in case of nonsuit, and as thus amended it be afiirmed with costs.
The Chief Justice took no part in the decision of this cause, having been counsel therein.